UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HANCOCK LIFE INS. CO.

      Plaintiff,

v.                              CASE: 8:12-CV-754-T-TGW

KATHLEEN SCHMAHL, ANNABELLE E.
LARSON, and MARJORIE A. DOUGLASS,
an individual, as Successor Trustee of the Marjorie
E. Larson Irrevocable Family Trust and the
Marjorie E. Larson Irrevocable Trust,

      Defendants.

_____

ORDER

      In this interpleader action, defendant Kathleen Schmahl filed an

amended crossclaim against defendants Annabelle E. Larson, individually,

and Marjorie A. Douglass, individually and as successor trustee of the

Marjorie E. Larson Irrevocable Trust of 1989 and the Marjorie E. Larson

Irrevocable Family Trust of 1989, to preclude disbursement of life insurance

proceeds in the court's registry.  Specifically, Schmahl requests that the life

insurance proceeds be held indefinitely to satisfy possible future claims

against the Trusts due to Larson's and Douglass's alleged tortious

mismanagement of the trust funds (Doc. 48). Because the court lacks subject matter jurisdiction over that claim, and the allegations of future judgments against the Trusts do not state a cognizable cause of action because they are conclusory and speculative, the Motion to Dismiss the Amended Cross Claim of Kathleen Schmahl (Doc. 51) will be granted, and the Amended Crossclaim of Kathleen Schmahl (Doc. 48) will be dismissed.

I.

Plaintiff John Hancock Insurance Company commenced this interpleader action against the defendants after receiving "conflicting claims and potential claims" against the life insurance proceeds from policies owned by the Marjorie E. Larson Irrevocable Trust ("Irrevocable Trust") and the Marjorie E. Larson Irrevocable Family Trust ("Irrevocable Family Trust") (Doc. 1, ¶14). The face amount of each policy is two million dollars, which became payable when Marjorie E. Larson died on February 22, 2012 (Doc. 1, ¶13; see Doc. 1-1, p. 3; Doc. 1-2, p. 3).

The court granted the plaintiff's request to place the life insurance proceeds into the registry of the court, and the insurance company was dismissed from this lawsuit in September 2012 (Docs. 22-26). After

almost one year had passed without any action in the case, the court ordered the defendants to file crossclaims asserting their respective interests and rights in the life insurance proceeds (Docs. 27, 28, 29).

Annabelle E. Larson and Marjorie A. Douglass ("the Larson defendants") filed a crossclaim against Schmahl seeking disbursement of the life insurance proceeds in accordance with the terms of the Trusts (Doc. 29). Specifically, the Trusts state that, after the trustee collects the insurance proceeds, the trust assets are to be divided in equal shares for Annabelle Larson and Schmahl, the daughters of the deceased, after which Larson is to receive her share and Schmahl's share is to be placed in trust for the benefit of Schmahl and her lineal descendants (Docs. 29-2, 29-3).

Schmahl does not dispute the terms of the Trusts (see Doc. 57, pp. 8-9). Nonetheless, Schmahl filed a crossclaim requesting that the court retain the life insurance proceeds in the court's registry to pay possible future creditors of the Trusts (Doc. 48). In this regard, Schmahl alleges that Annabelle Larson, the former trustee, and Douglass, Larson's daughter and the successor trustee, breached their fiduciary duties regarding the trusts (see id., ¶¶9, 10, 18). Consequently, Schmahl argues, there is a "high probability"

that the Irrevocable Trust owes more than one million dollars in income taxes on distributions of over three million dollars it received from the "Silver Lake Partnership" between 1992 and 2011 (see Doc. 48, pp. 4-7; Doc. 57, pp. 5, 8-10). Moreover, Schmahl speculates that payment of those taxes will be borne solely by her because only her share of the life insurance proceeds will remain in the Trust, and Larson will allegedly avoid paying her share of taxes (Doc. 48, ¶¶14, 15, 30-32).

Schmahl's allegations that the Larson defendants breached their fiduciary duties, and committed other torts in connection with the Trusts, have been the subject of a long-standing state court lawsuit that commenced in 2009. See Kathleen Schmahl v. Annabelle Larson etc., et al., Case No. 09-16064-CI-19, Pinellas County, Florida. In addition to allegations regarding unpaid income taxes, Schmahl alleged in the state court lawsuit that the Larson defendants "wasted the assets of the two trusts by making imprudent decisions concerning management of the Trusts' assets, [and] by failing to ... provide proper accountings of the assets and liabilities of the two trusts" (see Doc. 48, ¶18).

The Larson defendants have filed a Motion to Dismiss the Amended Crossclaim, arguing that Schmahl's crossclaim is outside the permissible scope of the interpleader complaint, and that the court lacks subject matter jurisdiction over the crossclaim (Doc. 51, p. 9). Further, the Larson defendants contend that Schmahl fails to state with particularity facts that support a cause of action against them (id., p. 8). In particular, they contend Schmahl's allegation that the Irrevocable Trust owes income tax is wholly speculative, as there is no claim, and certainly no finding, by the Internal Revenue Service that the Irrevocable Trust owes income tax on the "Silver Lake Partnership" distributions in question (id., p. 2).

Schmahl filed a memorandum in opposition to the Larsons' Motion to Dismiss (Doc. 57). She contends that the amended crossclaim is properly asserted in this case because it concerns the subject matter of the interpleader, i.e., the distribution of the life insurance proceeds (id., p. 12). Furthermore, Schmahl disputes that her allegations are conclusory or speculative, arguing that she has engaged tax experts who opine taxes are due on the Silver Lake partnership distributions (id., p. 5). Oral argument has been conducted on the motion (Doc. 61).

II.

A.  The Larson defendants argue that Schmahl's crossclaim is beyond the permissible scope of the interpleader complaint.  Rule 13(g), F.R.Civ.P., defines the parameters of a crossclaim.  It provides, in pertinent part:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.

Schmahl alleges first that her crossclaim "arises out of the occurrence or transaction that is the subject matter of this action" (Doc. 57, p. 3).  However, Schmahl's crossclaim clearly does not satisfy this requirement.  Thus, the subject matter of the original action is the distribution of the life insurance proceeds in accordance with the terms of the Trusts.  The crossclaim, on the other hand, alleges that the Larson defendants breached their fiduciary duties, and that Larson committed civil theft, regarding trust funds that are unrelated to the life insurance proceeds, and concern transactions years before the life insurance proceeds even became payable.

-6-

Schmahl argues that, in determining whether the crossclaim arises from the "same transaction or occurrence," the court should examine whether there is a logical relationship between the claims (see id., p. 11). See 6 Wright, Miller & Kane, Federal Practice and Procedure (2010), §1432, p. 286. This analysis confirms that the crossclaim does not arise from the same transaction or occurrence as the interpleader complaint.

A crossclaim has a "logical relationship" to the original claim if: (1) the same aggregate of operative facts serves as the basis of both claims; or (2) the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant. Revere Copper & Bros. Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970). Factors to consider include whether separate trials on each claim would involve a substantial duplication of effort and time by the parties and the court; whether the claims involve many of the same factual and/or legal issues; whether the claims are offshoots of the same basic controversy between the parties; and whether fairness, convenience, and economy support the crossclaim's assertion. Id. at 714.

The original claim and crossclaim clearly do not share a common aggregate of operative facts. Thus, resolution of the original lawsuit is simply a matter of implementing the undisputed terms of the Trusts documents. In this regard, Schmahl acknowledges that the Trusts designate Schmahl and Larson as the primary beneficiaries, and direct the life insurance proceeds be divided equally, with Larson's share to be disbursed to Larson, and Schmahl's share to be placed in trust for her and her descendants (see Doc. 48, ¶¶1, 16, 17, 25, 26, 27).

The crossclaim, on the other hand, presents factual and legal issues wholly distinct from the original interpleader action. Thus, the crossclaim asserts tort claims that the Larson defendants breached their fiduciary duties, and that Larson committed civil theft, with regard to trust funds that are unrelated to the life insurance proceeds (id., ¶¶12, 13, 14, 18, 19). Furthermore, the claimed breach focuses on whether, as trustees, the Larson defendants should have filed tax returns and paid income tax on the three million dollars in distributions the Silver Lake Partnership made to the Irrevocable Trust from 1992 to 2011 (id.; Doc. 57, p. 5). Whether income

taxes are owed on those distributions is also highly disputed, and the resolution of that issue involves the highly complex area of tax law.

In this connection, the Larson defendants submitted an affidavit from a board-certified tax attorney that no tax returns needed to be filed, and no income tax was owed, because Marjorie Larson continued to own an interest in the partnership and assigned only the income from the partnership to the Trust, thereby rendering Marjorie Larson liable for income tax under the assignment of income doctrine (Doc. 51-7). Thus, issues of partnership law are also raised by the crossclaim.

In sum, there is virtually no factual commonality between the crossclaim and the original interpleader complaint, and the crossclaim implicates state and complex tax law issues that would not be present in this case but for the crossclaim. Furthermore, due to the factual and legal distinctiveness of the claims, it is obvious that separate trials would not involve a substantial duplication of effort and time by the parties and the court.

Schmahl argues that the crossclaim is "an offshoot of the same basic controversy" because the Larson defendants "seek immediate access to

[the life insurance proceeds] so that they may be distributed immediately without paying taxes which are due on those monies" (Doc. 57, p. 12). This allegation is misleading, as taxes are not owed on the life insurance proceeds. Furthermore, Schmahl's attempt to retain in the court's registry the interpled funds in order to satisfy a possible future debt that is unrelated to those life insurance proceeds does not make the crossclaim an "offshoot" of the interpleader complaint, or otherwise demonstrate that Schmahl's crossclaim "arise[s] out of" the interpleader action. Schmahl's prosecution of those claims in state court for years prior to the commencement of the interpleader underscores that the crossclaim is not an "offshoot" of the same basic controversy.

Finally, fairness and convenience support the dismissal of the crossclaim because, as indicated, the contentions underlying the crossclaim have been before the state court for years. Thus, it is not only inconvenient, but a waste of resources to rehash those allegations in federal court. Furthermore, prosecution of this crossclaim in federal court is unfair to the Larson defendants, as it appears to be an attempt to get a "second bite at the apple." Thus, the amended crossclaim's prayer for relief seeks remedies

duplicative of the state court action, such as the requesting the federal court to order the parties to "cooperate and prosecute the inquiry to the Internal Revenue Service [ordered by the state court] concerning whether taxes are due and owing by the Irrevocable Trust," to make a determination whether any taxes are owed by the Irrevocable Trust, and direct an accounting of the trusts (Doc. 48, pp. 10-11). Moreover, Schmahl's counsel conceded that, if Schmahl's crossclaim is dismissed, her attempt to preclude distribution of the life insurance funds to Larson – which is the crux of her crossclaim – is not foreclosed. Thus, Schmahl's counsel stated at the hearing that he would then ask the state court to enjoin disbursement of the life insurance funds from the Trusts.

Lastly, Schmahl has not shown that the filing of the interpleader complaint activated additional legal rights that would otherwise remain dormant. Rather, as indicated, the allegations underlying Schmahl's crossclaim have been the subject of state court litigation for years now. In sum, Schmahl's contention that the crossclaim arises out of the transaction or occurrence that is the subject matter of the original action is baseless.

Alternatively, Schmahl contends that her crossclaim satisfies the second prong of Rule 13(g), F.R.Civ.P., which permits a crossclaim that "relates to ... property that is the subject matter of the original action." Schmahl, broadly construing the term "relates to," argues that her crossclaim relates to the property that is the subject matter of the original claim because it concerns the interpled funds (Doc. 57, p. 12).

There is minimal legal authority defining "relates to" in this context. The provision was originally intended to address the circumstance "where a second mortgagee is made defendant in a foreclosure proceeding and wishes to file a cross-complaint against the mortgagor in order to secure a personal judgment for the indebtedness and foreclose his lien." Advisory Committee Notes to Rule 13, 1946 Amendment, p. 96.

Notably, courts have indicated that "property that is the subject matter of the original action" under Rule 13(g), F.R.Civ.P., does not "include[] every claim involving any aspect of the property." Ionian Corp. v. Country Mutual Ins. Co., 836 F. Supp.2d 1173, 1188 (D. Or. 2011); see also Balerna v. Gilberti, 266 F.R.D. 42, 45 (D. Mass. 2010) (Rule 13(g),

"authorizes the bringing <u>only</u> of those claims that are <u>closely related</u> to ... the property that is the subject of the underlying action") (emphasis in original).

As indicated, Schmahl argues her crossclaim is sufficiently related to the property that is the subject of the original action because she is seeking to preserve that property for a potential creditor (<u>see</u> Doc. 48, p. 10). However, the potential creditor, the IRS, is not a party in this case, and has not claimed unpaid taxes.  Moreover, the potential debt is unrelated to the property held in interpleader.  Thus, Schmahl seeks that property to satisfy potential creditors because Schmahl speculates that "Annabelle Larson will avoid contributing to the tax liabilities" (Doc. 57, p. 3).

In <u>Balerna</u> v. <u>Gilberti</u>, <u>supra</u>, 266 F.R.D. at 45-46, the court held that simply placing a claim on property held in the court's registry to satisfy a judgment or indebtedness that is unrelated to that particular property does not render the crossclaim "related to" the property that is subject to the original action.  The <u>Balerna</u> court elaborated that there was not a sufficient relationship between the crossclaim and the funds in the court's registry because the losses underlying the crossclaim were not related to the funds on

deposit with the court. Id. Similarly, Schmahl's crossclaim is not related to the interpled funds because that property is unrelated to the indebtedness.

Schmahl argued at the hearing that the 1968 Kansas district court case of Northern Natural Gas Co. v. Grounds, 292 F. Supp. 619, supports her contention that the crossclaim is sufficiently related to the interpled property. That case states in pertinent part (id. at 640):

> In interpleader actions ... the 'subject matter of the action' is not a set of facts, a transaction or other occurrence which gives rise to litigation, but a specific identified fund or property. Claims must not only 'relate' to that property, but be asserted against it.

As the Larson defendants persuasively argue, this legal authority does not support Schmahl, as her crossclaim is not "asserted" against the interpled funds because there is no allegation that the IRS, for which Schmahl seeks to preserve the interpled funds, is an intended beneficiary of the life insurance proceeds, nor are taxes owed on those life insurance proceeds (Doc. 51). In other words, there is no allegation that the potential creditor is entitled to that specific property. Notably, this interpretation of "relates to" is consistent with the Advisory Committee Notes which discusses a

creditor's claim of entitlement to the particular property that is the subject matter of the lawsuit.

After the hearing, Schmahl's counsel cited in support of her definition of "related to" the case of State Farm Life Ins. Co. v. Cai, 2010 WL 4628228 at *5 (N.D. Cal.). The Cai decision states that "crossclaims are generally permitted if they are asserted against the common fund or the subject of the main action (in this case, the insurance proceeds)." However, as discussed above, it is unclear what is meant by "asserted against," as the tort claim in Cai concerned the proper beneficiary of the interpled life insurance proceeds and the other claims were found to be unrelated. Id. at *6.

Therefore, Schmahl has not shown that the "relates to" prong of Rule 13(g), F.R.Civ.P., applies to this circumstance. Consequently, Schmahl has not shown that her crossclaim is permissible under Rule 13(g).

B. Schmahl has also failed to show that this court has subject matter jurisdiction over her crossclaim. The party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994). "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3), F.R.Civ.P.

As indicated, Schmahl argues that Rule 13(g), F.R.Civ.P., confers subject matter jurisdiction over her crossclaim (Doc. 48, p. 3; Doc. 57, p. 14).[1] However, for the reasons just stated, Rule 13(g) does not cover Schmahl's crossclaim.

Moreover, permission to join a claim pursuant to Rule 13(g) does not, of itself, create federal jurisdiction over that claim. "Such a consequence would be untenable inasmuch as the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." Amco Construction Co. v. Mississippi State Building Commissioner, 602 F.2d 730, 732 (5th Cir. 1979); see Rule 82, F.R.Civ.P. (The Federal Rules of Civil Procedure "do not extend ... the jurisdiction of the district courts."); Allstate Ins. Co. v. James, 779 F.2d 1536, 1539 (11th Cir. 1986) ("mere filing of a claim denominated as a cross-claim does not settle the issue" of subject matter jurisdiction). Rather, there

---

[1]Schmahl also mentions jurisdiction under 28 U.S.C. 2201, which is the Declaratory Judgment Act (Doc. 48, p. 3). That statute does not, however, create an independent basis for subject matter jurisdiction. See Gibraltar, P.R., Inc. v. Otoki Group, Inc., 104 F.3d 616, 619 (4th Cir. 1997).

must be an independent basis for subject matter jurisdiction over the crossclaim, or it must fall under the Court's supplemental jurisdiction.

In this case, there is no independent basis for subject matter jurisdiction, as the parties are non-diverse and the claim does not present a federal question. Therefore, as Schmahl's counsel acknowledged at the hearing, the only possible basis for subject matter jurisdiction over the cross-claim would be supplementary jurisdiction.[2]

Supplemental jurisdiction may be exercised over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. 1367(a). Thus, such jurisdiction "may only operate where there is a tight nexus with a subject matter properly in federal court." Eagerton v. Valuations, Inc., 698 F.2d 1115, 1119 (11th Cir. 1983).

Supplemental jurisdiction requires that the crossclaim "arise out of a common nucleus of operative fact with a substantial federal claim."

---

[2]The parties refer to this concept in their memoranda as "ancillary" jurisdiction (see, e.g., Doc. 51, p. 11; Doc. 57, pp. 4, 7, 14). "Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction'." Peacock v. Thomas, 516 U.S. 349, 355 n.5 (1996). "[C]ase precedent applying and interpreting ancillary-jurisdiction notions for crossclaim purposes remains applicable." 6 Wright, Miller & Kane, Federal Practice and Procedure (2010), §1433, p. 301.

Boone v. JP Morgan Chase Bank, 447 Fed. Appx. 961, 963 (11th Cir. 2011).[3]
This involves an examination of "whether the claims arise from the same
facts, or involve similar occurrences, witnesses or evidence." Hudson v.
Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996), cert. denied, 519 U.S.
1149 (1997). Additionally, there must be "logical dependence" between the
claims, meaning that the crossclaim must "depend[] at least in part upon the
resolution of the primary lawsuit." Travelers Ins. Co. v. First Nat. Bank of
Shreveport, 675 F.2d 633, 639 (5th Cir. 1982); see also Eagerton v.
Valuations, Inc., supra, 698 F.2d at 1119 (the rights "cannot be separate,
independent, or coordinate of those asserted in the main proceeding").

As discussed supra, pp. 8-9, Schmahl's crossclaim does not arise
out of, or share, a common nucleus of operative fact with the original claim.
Thus, the interpleader action is resolved simply by reference to the undisputed
terms of the Trusts. In contrast, the crossclaim raises a multitude of factual

---

[3]Therefore, a crossclaim satisfying the "transaction or occurrence" requirement of
Rule 13(g) will typically satisfy the elements of supplemental jurisdiction under 28 U.S.C.
1367. See Allstate Ins. Co. v. James, supra, 779 F.2d at 1539. However, as discussed
above, Schmahl's crossclaim does not meet the "transaction or occurrence" test. See
Wright, Miller & Kane, Federal Practice and Procedure (2010), §1432, pp. 295-96 ("a
crossclaim founded solely on the property involved in the action may not relate to the same
transaction or occurrence that is the focal point of the original action").

and legal issues unrelated to the original claim, and the transactions underlying the crossclaim also have no connection to the original claim.

Although both claims involve the interpled funds, that commonality is insufficient to confer subject matter jurisdiction because Schmahl's crossclaim seeks relief that goes "far beyond entitlement to the insurance proceeds at issue in this action."   See Ionian Corp. v. Country Mutual Ins. Co., supra, 836 F. Supp.2d at 1188.  In Ionian, the crossclaimant sought to add a fraud claim that sought a judgment for the purpose of "attempt[ing] to collect from the insurance proceeds deposited with the court."  The court found that it lacked subject matter jurisdiction because, similar to Schmahl's crossclaim, the requested relief went "far beyond entitlement to the insurance proceeds at issue in this action."

Underscoring the incongruity of the claims is that the merits of the crossclaim are in no way dependent upon the resolution of the original lawsuit. Thus, resolution of the original claim does not resolve or otherwise advance the crossclaim's allegations that the Larson defendants breached their fiduciary duties, or whether income taxes are owed on the Silver Lake Partnership distributions.

-19-

Furthermore, Schmahl's counsel acknowledged at the hearing that Schmahl is not without a remedy if the court dismisses Schmahl's crossclaim and the trustee collects the interpled life insurance proceeds in accordance with the Trusts. In this connection, Schmahl's counsel stated that Schmahl would then request the judge presiding over the state court case to stop disbursement of the funds from the Trusts.

Moreover, if it is subsequently determined that the Irrevocable Trust does owe income taxes on the Silver Lake Partnership distributions and those back taxes are removed from the Trust, Schmahl's attorney acknowledges that Schmahl could seek recovery of Larson's share of the taxes directly from Larson. Thus, Schmahl's legal rights are not foreclosed by the dismissal of her crossclaim. In sum, supplemental jurisdiction cannot be exercised over Schmahl's crossclaim because it is not sufficiently related to the original action to be reasonably considered "part of the same case or controversy." 28 U.S.C. 1367(a).

C.   Moreover, even if supplemental jurisdiction were appropriate, the Court would decline to exercise its jurisdiction under the circumstances of this case. 28 U.S.C. 1367(c). Significantly, supplemental

jurisdiction is a doctrine of discretion, not of right. <u>United Mine Workers of America</u> v. <u>Gibbs</u>, 383 U.S. 715, 726 (1966). Specifically, the court has discretion not to exercise supplemental jurisdiction over claims under 28 U.S.C. 1367(a) when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantively predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c).   The court may also consider judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. <u>Palmer</u> v. <u>Hospital Authority of Randolph County</u>, 22 F.3d 1559, 1569 (11th Cir. 1994).

It is beyond dispute that Schmahl's crossclaim, with its multitude of factual and legal issues that are completely unrelated to the original interpleader action, would "substantively predominate[]" over the original interpleader claim.   Thus, without Schmahl's crossclaim, this lawsuit is essentially over. In this regard, the parties agreed at the hearing that, if the

crossclaim is dismissed, all that remains to be done is the ministerial act of filing of a motion to disburse the life insurance proceeds in accordance with the terms of the trusts. There is no dispute as to the validity of the trusts or their terms.

The crossclaim, on the other hand, escalates this litigation from the straightforward disposition of life insurance proceeds to a complex labyrinth of tax law and speculative tort claims. Thus, among other issues, the crossclaim raises a complex IRS dispute regarding whether the trust was obligated to pay taxes on money received by the Irrevocable Trust, whether the Larson defendants breached their fiduciary duties in connection with the Trusts, and whether the Larson defendants used the Trusts as their "virtual piggy banks" (Doc. 48, ¶19). Thus, the scope of the litigation posed by the crossclaim is vastly more extensive than the subject matter of the original action. See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 534 (1967) ("the mere existence of such a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund").

Moreover, the crossclaim creates litigation of an entirely indefinite duration, as there is no timeline for obtaining an opinion from the IRS regarding whether the Irrevocable Trust owed taxes on the Silver Lake Partnership, without which litigation of the crossclaim cannot proceed. Under the totality of these circumstances, it is appropriate to decline the exercise of supplemental jurisdiction. See, e.g., Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C., 596 F.3d 1313, 1328-29 (11th Cir. 2010) (affirming decision to decline supplemental jurisdiction over claims which require resolution of complex issues of state law and would predominate over the federal claim).

Finally, the court's consideration of judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together, also support the denial of supplemental jurisdiction. See Palmer v. Hospital Authority of Randolph County, supra, 22 F.3d at 1569. Thus, as discussed supra, pp. 9-11, exercising supplemental jurisdiction over the crossclaim would violate principles of judicial economy and be unfair to the Larson defendants, who have been litigating the issues raised by the crossclaim in state court for several years. There is simply no

reasonable basis for having these allegations relitigated in federal court, especially considering Schmahl's counsel's concession that he can ask the state court to halt distribution of the life insurance proceeds from the Trusts. Moreover, due to the factual and legal distinctiveness of the claims, it would not be expected that they would be tried together. Consequently, even assuming that Schmahl's crossclaim fell within the court's supplementary jurisdiction, the court would decline to exercise such jurisdiction under the circumstances of this case. Accordingly, the crossclaim will be dismissed for lack of subject matter jurisdiction. Rule 12(b)(1), F.R.Civ.P.

IV.

The Larson defendants have also raised as a ground for dismissal that the crossclaim fails to state a cognizable claim. A complaint may be dismissed upon motion under Rule 12(b)(6), F.R.Civ.P., for "failure to state a claim upon which relief can be granted."

The United States Supreme Court retired the standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief," in favor of a stricter pleading standard. <u>Bell Atlantic Corp.</u> v.

<u>Twombly</u>, 550 U.S. 544 (2007). The Eleventh Circuit summarized the

principles established by <u>Twombly</u> as follows (<u>Watts</u> v. <u>Florida International</u>

<u>University</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citations omitted)):

> The Supreme Court's most recent formulation of
> the pleading specificity standard is that "stating
> such a claim requires a complaint with enough
> factual matter (taken as true) to suggest" the
> required element. The standard is one of "plausible
> grounds to infer." The Court has instructed us that
> the rule "does not impose a probability requirement
> at the pleading stage" but instead "simply calls for
> enough fact to raise a reasonable expectation that
> discovery will reveal evidence of" the necessary
> element. It is sufficient if the complaint succeeds
> in "identifying facts that are suggestive enough to
> render [the element] plausible."

Thus, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555.

However, the Eleventh Circuit made clear that it remains the law that on a

Rule 12(b)(6) motion to dismiss the pleadings are construed broadly, and the

allegations in the complaint are viewed in the light most favorable to the

plaintiff. <u>Watts</u> v. <u>Florida International University</u>, <u>supra</u>, 495 F.3d at 1295.

Viewing the allegations in the light most favorable to Schmahl, the crossclaim is not cognizable because it is grounded in gross speculation. The crux of Schmahl's crossclaim is that over one million dollars in unpaid taxes will be owed to the IRS by the Irrevocable Trust, and that Larson will lack the financial resources to pay her share of that debt (see Doc. 48; Doc. 57, pp. 3, 5). However, both of these allegations are pure conjecture.

Thus, there is no claim by the IRS, or any government agency, that the Irrevocable Trust failed to file income taxes on those distributions or owes any income taxes. Further, the IRS has not even sought to audit the Trusts. Rather, an "opinion" is supposed to be obtained from the IRS on that issue. Presently, the only basis for Schmahl's contention that the Irrevocable Trust owes more than one million dollars in back taxes is the conclusory assertion that that "tax experts retained by [Schmahl] have opined that taxes are due and owing by the Irrevocable Trust and that tax returns should be filed" (Doc. 48, ¶28). Thus, the crossclaim is bereft of any facts upon which to conclude this critical contention is plausible. See Watts v. Florida International University, supra, 495 F.3d at 1295-96 (the pleading standard is one of "plausible grounds to infer," meaning that  the complaint must

"identify[] facts that are suggestive enough to render [the element] plausible.").

Furthermore, it is Schmahl's gross speculation that, if back taxes are owed, Larson will not have financial resources to pay her share. This is a critical contention because it is not alleged that the IRS is specifically entitled to the interpleader funds. Rather, Schmahl argues that those interpleader funds should be held to satisfy a potential future IRS judgment because Larson "will avoid contributing to the tax liabilities" (Doc. 57, p. 3). However, the crossclaim contains no factual basis for this contention. The conclusory assertion that Larson will lack the financial resources to pay the alleged future indebtedness is especially dubious considering that Larson is due to receive over one million dollars from the Trusts when the insurance proceeds are disbursed. Schmahl merely makes the empty assertion that she believes Larson will squander it away. Therefore, this assertion is also devoid of any factual support that renders it plausible.

In sum, the crossclaim does not state a cognizable claim because its two primary contentions are grounded in speculation. See Bell Atlantic

<u>Corp.</u> v. <u>Twombly</u>, <u>supra</u>. Accordingly, the crossclaim is also subject to dismissal for failure to state a claim pursuant to Rule 12(b)(6), F.R.Civ.P.

It is, therefore, upon consideration

ORDERED:

That the Motion to Dismiss the Amended Cross Claim of Kathleen Schmahl (Doc. 51) be, and the same is hereby GRANTED, and Schmahl's amended crossclaim is DISMISSED for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1), (6), F.R.Civ.P.

DONE AND ORDERED at Tampa, Florida, this _6th_ day of August, 2014.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE