UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HANCOCK LIFE INS. CO.

    Plaintiff,

v.                                          CASE: 8:12-CV-754-T-TGW

KATHLEEN SCHMAHL, ANNABELLE E.
LARSON, and MARJORIE A. DOUGLASS,
an individual, as Successor Trustee of the Marjorie
E. Larson Irrevocable Family Trust and the
Marjorie E. Larson Irrevocable Trust,

    Defendants.
_____

## ORDER

This action, originally commenced as an interpleader, has one remaining claim asserted by Annabelle E. Larson, individually, and Marjorie A. Douglass, individually and as successor trustee of the Marjorie E. Larson Irrevocable Trust of 1989 and the Marjorie E. Larson Irrevocable Family Trust of 1989 ("the movants"). They have filed a Motion for Summary Judgment (Doc. 74), contending that they are entitled to judgment as a matter of law on their cross claim to disburse life insurance proceeds held in the court's registry to the Trusts that own those funds. Cross-defendant Kathleen Schmahl has not filed an opposition to the motion.

Based on the undisputed terms of the Trusts, the court registry funds are appropriately released to the successor trustee, for her to manage in accordance with the directives stated in the trusts documents. Accordingly, the court will grant the Motion for Summary Judgment (Doc. 74) on the cross claim, and the case will be closed.

I.

Plaintiff John Hancock Insurance Company commenced this interpleader action after receiving "conflicting claims and potential claims" against the life insurance proceeds from policies owned by the Marjorie E. Larson Irrevocable Trust of 1989 ("Irrevocable Trust") and the Marjorie E. Larson Irrevocable Family Trust of 1989 ("Irrevocable Family Trust") (Doc. 1, ¶14; Doc. 1-1, p. 3; Doc. 1-2, p. 3). The face amount of each policy is two million dollars, which became payable when Marjorie E. Larson died on February 22, 2012 (Doc. 1, ¶13; see Doc. 1-1, p. 3; Doc. 1-2, p. 3).

The court granted the plaintiff's request to place the life insurance proceeds into the registry of the court, and the insurance company was dismissed from this lawsuit in September 2012 (Docs. 22-26). The

defendants subsequently filed cross claims asserting their respective interests and rights in the life insurance proceeds (Docs. 28, 29).

The movants filed a cross claim against Kathleen Schmahl, requesting that the court disburse the funds in the court's registry pursuant to the terms of the Trusts that own the insurance policies (Doc. 29).* As pertinent here, the Irrevocable Trust and the Irrevocable Family Trust provide that "the Trustee shall collect the proceeds" of the life insurance policies which "shall be added to and become part of the principal of the trust estate" and be distributed in accordance with the terms of the trust documents (Doc. 29-2, pp. 5-6, 11; Doc. 29-3, pp. 4, 5, 7).

Although Schmahl does not dispute the validity or the terms of the Trusts, Schmahl asserted a cross claim requesting that the life insurance proceeds remain in the court's registry, indefinitely, to pay possible future debts of the Trusts that may result from the trustee's and successor trustee's alleged breaches of their fiduciary duties (Doc. 28). I found that there was no

---

*It is noted that the cross claim sought "the disbursements of the funds ... in the registry of the Clerk of Court to the respective beneficiaries of the Trusts" (Doc. 29, p. 3). However, the movants clarify in their Motion for Summary Judgment that the "cross claim ask[s] that the proceeds of the life insurance policies be paid to the Trust[s] for distribution as provided in the Trust[s]" (Doc. 74, p. 2, ¶5).

subject matter jurisdiction over that cross claim, and that those allegations did not state a cognizable claim (Doc. 65). Accordingly, that cross claim was dismissed (id.).

The movants subsequently filed this motion for summary judgment, asserting that the clear and undisputed terms of the Trusts direct that the life insurance proceeds in the court's registry be disbursed to Marjorie Douglass, the successor trustee of both trusts (Doc. 74, p. 2, ¶¶5, 6). Despite ample time to do so (and even a reminder from the court), Schmahl has not filed any opposition to the motion. In particular, Schmahl was advised that the motion for summary judgment would be taken under advisement after November 11, 2014 (see Doc. 75). Accordingly, this matter is ripe for resolution.

II.

Where the party moving for summary judgment has the burden of proof at trial, it must affirmatively show the absence of a genuine issue of material fact by presenting credible evidence that would entitle it to a directed verdict if the evidence was not controverted at trial. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991). If the moving

party does not meet its burden, then the motion for summary judgment will be denied. Id. at 1437-38. If the movant meets its initial burden, then it is entitled to summary judgment unless the nonmoving party comes forward with "significant, probative evidence demonstrating the existence of a triable issue of fact." Id. at 1438.

In determining whether the moving party should be awarded summary judgment, the court must view the evidence and factual inferences therefrom in the light most favorable to the opposing party. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993). Any reasonable doubts about the facts are to be resolved in favor of the party opposing the motion for summary judgment. Id.

III.

As indicated, the movants seek summary judgment on their cross claim for disbursement of the life insurance proceeds in the court's registry to the successor trustee of the Trusts, Marjorie Douglass (Doc. 74, p. 2, ¶6). In this regard, the movants rely on the clear and undisputed terms of the Trust documents (see id, p. 2), which provide in pertinent part that "the Trustee shall collect the proceeds" of the life insurance policies, which shall "become

part of the principal of the trust estate" and be distributed in accordance with the terms of the Trusts (Doc. 29-2, pp. 5, 6, 11; Doc. 29-3, pp. 4-5, 7). In sum, the cross claim seeks the straightforward disbursement of funds in accordance with the Trusts documents.

Importantly, throughout this litigation there has been no dispute as to the validity of the Trusts or their terms. Significantly, moreover, Schmahl has not filed a memorandum in opposition to the motion. Pursuant to the court's Case Management and Scheduling Order (Doc. 37), Schmahl was required to file within 21 days of the motion an opposition memorandum if she opposed the relief sought in the summary judgment motion or disputed any fact asserted in the motion. Moreover, the court sua sponte gave Schmahl additional time to file an opposition memorandum (Doc. 75). Therefore, it is assumed that Schmahl has no objection to the requested relief and does not dispute the movants' assertion that there are no material issues of fact for resolution of the cross claim. See id., Local Rule 3.01(b).

Accordingly, it is appropriate, based on the clear undisputed terms of the Trusts, to grant judgment as a matter of law in the movants' favor

on their cross claim seeking disbursement of the funds in the court's registry to the successor trustee on behalf of the Trusts.

It is, therefore, upon consideration,

ORDERED:

That the Motion for Summary Judgment (Doc. 74) be, and the same is hereby, **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Annabelle E. Larson, individually, and Marjorie A. Douglass, individually and as successor trustee of the Marjorie E. Larson Irrevocable Trust of 1989 and the Marjorie E. Larson Irrevocable Family Trust of 1989, on their cross claim (Doc. 29); the Clerk is to disburse the funds retained in the court's registry in connection with this matter to Marjorie Douglass, as successor trustee of the Marjorie E. Larson Irrevocable Trust of 1989 and the Marjorie E. Larson Irrevocable Family Trust of 1989; and the Clerk shall **CLOSE** the case.

DONE AND ORDERED at Tampa, Florida, this 20th day of November, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE